NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SUMTER PLYWOOD CORPORATION, Respondent.

No. 77–1945
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, Linda Auerbach, Atty., William Stewart, Supervisor, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Paul O. Miller, James R. Lockard, Jackson, Miss., for respondent.

Curtis L. Mack, Director Region 10, N.L.R.B., Atlanta, Ga., for other interested party.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

The National Labor Relations Board (Board) seeks enforcement of its order requiring Sumter Plywood Corporation to cease and desist from certain unfair labor practices; to refrain from "in any other manner" interfering with, restraining, or coercing its employees in the exercise of the rights granted to them by section 7 of the National Labor Relations Act (NLRA), 29 U.S.C. § 157 (1970); to reinstate, with back pay, unlawfully discharged employees; and to post appropriate notices. The Board found that Sumter violated section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1) (1970), by threatening permanently to replace unfair labor practice strikers if they continued to strike rather than return to work and that Sumter violated section 8(a)(3) and (1) of the NLRA, 29 U.S.C. § 158(a)(3) and (1) (1970), by refusing to reinstate unfair labor practice striker Pearline Foster. In addition, the Board found a second violation of section 8(a)(3) and (1) in Sumter's discharge of employee Barbara Ward because of her union activities.

We find that the Board's order rests upon substantial evidence in the record considered as a whole and, accordingly, the order must be enforced. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 489–91, 71 S.Ct. 456, 463–66, 95 L.Ed. 456 (1957). Sumter questions the breadth of the Board's order which requires Sumter to refrain from "in any other manner interfering with, restraining, or coercing employees in the exercise of their rights under Section 7 of the Act." This provision is appropriate and entitled to enforcement, particularly in light of Sumter's demonstrated hostility to the union and its commission of similar violations of the NLRA in the past. See *NLRB v. Florida Steel Corp.*, 544 F.2d 896, 898 (5th Cir. 1977).[1]

ENFORCED.

---

1. Sumter has been before this court on charges of NLRA violations on two other occasions. In 1975, we enforced a Board order based on a finding that Sumter had violated section 8(a)(1) of the NLRA by interrogating employee Ward and that it had violated section 8(a)(3) and (1) by discharging Ward and two other employees because of their union activities. *NLRB v. Sumter Plywood Corp.*, 509 F.2d 574 (5th Cir. 1975). A year later, we enforced a Board order based on a finding that Sumter had violated section 8(a)(5) and (1) of the NLRA, 29 U.S.C. § 158(a)(5) and (1) (1970), by refusing to bargain with the union. *NLRB v. Sumter Plywood Corp.*, 535 F.2d 917 (5th Cir. 1976).